UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
OCT 19 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-591-GWU

LISA L. LESTER, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Lisa Lester brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Lester, a 37 year-old former doughnut packer and meat packer/bearer with a ninth grade education, suffered from impairments related to borderline intelligence and a T5 compression fracture. (Tr. 21, 25). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 28). Since the claimant was found to be able to return to her past work as a doughnut packer, she could not be considered totally disabled. (Tr. 28).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's judgment motion and deny that of the plaintiff.

In determining that Lester could return to her past work, the ALJ relied heavily upon the testimony of Vocational Expert Norman Hankins. The hypothetical question initially presented to Hankins included an exertional limitation to light level work restricted from a full range by such non-exertional

5

restrictions as (1) a first grade reading level; (2) a "moderate" limitation of ability to understand or carry out detailed instructions as well as complete a normal workday or workweek without interruption and perform at a consistent pace without an unreasonable number and length of rest periods; and (3) an inability to more than occasionally climb, stoop, kneel, crouch, or crawl. (Tr. 346). In response, the witness testified that Lester's past work as doughnut packer could still be performed. (Tr. 346). The ALJ then presented a second hypothetical question, keeping the same educational and mental factors as noted in the first question, but changing the physical limitations to an inability to lift more than a maximum of 40 pounds and 25 pounds on a repetitive basis as well as no highly repetitive bending, stooping, crawling, or crouching. (Tr. 346). Hankins again reported that the doughnut packing work could be done. (Tr. 346). The ALJ then presented a third question with such physical restrictions as an inability to lift more than 40 pounds maximum with only "moderate" bending and stooping. (Tr. 346). Again, the doughnut packing work would be compatible with these restrictions. (Tr. 347). Therefore, assuming that the vocational factors considered by the vocational expert fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ dealt properly with the evidence relating to Lester's physical condition. The first hypothetical question was compatible with the physical restrictions identified by Dr. James Ramsey (Tr. 246-255) and Dr. Calixto Hernandez (Tr. 278-285), the non-examining medical reviewers. The second question was consistent with the limitations reported by Dr. Joseph Zerga, an examining consultant. (Tr. 206). The third question was compatible with the opinion of Dr. David Muffley. (Tr. 188). More severe restrictions were not

6

identified by such treating and examining sources as Dr. C. Shin (Tr. 155-181), Dr. Vinayak Bhavalkar (Tr. 182-184), the staff at Appalachian Regional Healthcare (Tr. 185-186, 200-203, 209-210, 287), Dr. John Vaughn (Tr. 216-217), and Dr. Efren Valencia (Tr. 218-231). These reports provide substantial evidence to support the administrative decision.

Dr. James Templin, a one-time examiner, did identify a number of rather severe physical restrictions. (Tr. 194). When these were presented to Hankins in a fourth hypothetical question, the expert did not believe that a significant number of jobs would be available. (Tr. 347-348). Dr. Templin's opinion was offset by the aforementioned medical reports.

The hypothetical question fairly depicted Lester's mental condition. The ALJ included all of the mental limitations identified by Psychologists Lea Perritt (Tr. 256-257) and Ann Demaree (Tr. 260-261), the non-examining medical reviewers. More severe mental limitations were not reported by the staff at East Kentucky Psychological Services, an examining source. (Tr. 211-215). Therefore, substantial evidence supports this portion of the administrative decision.

Lester asserts that the record was not fully developed. Docket Entry No. 4, Plaintiff's Brief at p. 4. However, as previously noted, the plaintiff underwent multiple physical and mental examinations. Thus, the record appears to have been sufficiently developed.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be

entered simultaneously consistent with this opinion.

    This the __19__ day of October, 2005.

                                                         G. WIX UNTHANK  
                                                         SENIOR JUDGE